**LODGED**

Of Counsel:
BUSHNELL & MILLER
A Limited Liability Law Company

DEC 26 2012
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 09 2013
at ___ o'clock and 50 min. ___ M.
SUE BEITIA, CLERK

JEFFREY P. MILLER    7559-0
American Savings Bank Tower
1001 Bishop Street, Suite 2925
Honolulu, Hawaii 96813
Telephone: (808) 585-6050
Facsimile: (808) 585-6040
Email: jmiller@bushnellmiller.com

Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Respicio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura and Keith Hirota; George Ehara; *Apprenticeship & Training Fund by its trustees* Dale Sakamoto-Yoneda; Conrad Murashige, Ron Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Terry Ikeda, Michael Hawes, Roy Morioka Sheri Mau and Raynard (Shayne) Chung; *Vacation & Holiday Fund by its trustees* Roy Morioka, Gerard Sakamoto, Paul Sasaki, Jay Kadowaki, James Watanabe, John | CIVIL NO. CV12-00121 HG-BMK<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT KD CONSTRUCTION, INC.<br><br>Date: December 21, 2012<br>Time: 10:00 a.m.<br>Judge: Barry M. Kurren<br><br>No Trial Date Set |

Tesoro, Curtis Kern, Michael           )
Cadaoas, Alfred Dela Cruz, Lani        )
Smithson, Paul Silen Shayne Chung,     )
Lance Yoshimura and Christian          )
Tackett; *Market Recovery Program*     )
*by its trustees* Sean Newcamp, Thalia )
Choy, Alan Shintani, Steven Hidano,    )
Gerard Sakamoto, Mark Kapahu,          )
William Maglinti, Leonard Hoshijo,     )
Lance Yoshimura, Peter Robb, Bill      )
Wilson, Lance Inouye, Craig Fukuda     )
and Darren Ho; *Financial Security*    )
*Fund by its trustees* Gordon L.       )
Scruton, Lance Wilhelm, Conrad         )
Murashige, Kenneth Sakurai, Loyce      )
C. Morris, Ronald Taketa, Kenneth      )
Spence, Michael Hawes, Kealii B.       )
Flood, Malvin Ang, Lance               )
Yoshimura, Alan Shintani, Gerry        )
Majkut and Mark Luna; *Drywall*        )
*Training Fund by its trustees* Glenn  )
Young, Myles Hokama, Clyde             )
Takatsuki, Karl Sinclair, Lito         )
Alcantra, Denis Mactagone, William     )
Maglinti, Jr., Vince Nihipali Sr., Sean )
Newcamp, Kevin Respecki, Ryan          )
Rego, Bert Beaman, Mike Goodnight;     )
*401-K Fund by its trustees* Gordon    )
Scruton, Conrad Murashige, Kenneth     )
Sakurai, Lance Wilhelm, Loyce C.       )
Morris, Malvin Ang, Ronald Taketa,     )
Lance Yoshimura, Kenneth Spence,       )
Michael Hawes, Kealii B. Flood, Alan   )
Shintani, Gerry Majkut and Mark        )
Luna,                                  )
                                       )
      Plaintiffs,       )
                                       )
  vs.                        )

| | |
|---|---|
| KD CONSTRUCTION, INC.; JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-100, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) |

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT KD CONSTRUCTION, INC.

On February 29, 2012, Plaintiffs, Trustees of the Hawaii Carpenters Trust Funds (hereinafter referred to as "Plaintiffs" or "Trust Funds"), by and through their prior attorneys, McCorriston Miller Mukai MacKinnon, filed this action for damages against Defendant KD Construction, Inc. (hereinafter "Defendant") alleging that Defendant materially breached its collective bargaining and trust agreements (hereinafter referred to as the "CBA") entered into by Defendant and the United Brotherhood of Carpenters and Joiners of America, Local 745, AFLCIO (hereinafter referred as the "Union"). The Trust Funds claim that Defendant failed to contribute and pay to the Trust Funds certain employee benefit contribution arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management

Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. Sections 185(a), 1145, and 1132(a) and (t).

A certified copy of the Complaint was served upon Defendant through its registered agent for service of process on September 25, 2012. The clerk entered default against Defendant on October 22, 2012.

On November 15, 2012, the Trust Funds filed a motion for entry of default judgment against Defendant, seeking to recover a money judgment in the principal sum of $1,893.31, liquidated damages of $582.34, 12% interest in the amount of $337.82, audit fees of $80.00, and 401(k) interest in the amount of $10.88, for a total of $2,904.35. The Trust Funds also sought an award of attorney's fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D). The Trust Funds' Motion for Default Judgment by Court came on for hearing on December 21, 2012 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant. Jeffrey P. Miller appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

## **FINDINGS**

Having reviewed the Trust Funds' Motion for Default Judgment, the attached declaration of Jeffrey P. Miller, and the exhibits thereto, and the record established in this action, this Court finds as follow:

1.  At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2.  Defendant KD Construction, Inc. is a Hawaii corporation doing business in the State of Hawaii.

3.  On or about February 11, 2003, Defendant made, executed and delivered to the Union, a certain written collective bargaining agreement, effective to and including September 1, 2002, and effective to and including August 31, 2007, entitled "Certification of Receipt and Acceptance Master Agreement

Covering Drywall, Acoustical Workers and Lathers in the State of Hawaii and Declaration of Trust Agreements Appurtenant Thereto," a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the Master Agreement covering carpenters in the State of Hawaii, a copy of which is attached to the Complaint filed herein as exhibit "B" and made a part hereof by reference, and the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

    4.    Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from hourly work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA.

    5.    In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in the CBA, to permit audits and to allow inspection of their payroll records so that Plaintiffs are able to ascertain whether all contributions due had been paid.

    6.    In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements,

and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

7.  In its discretion the Court finds that the Trust Funds are not entitled to recover liquidated damages in this action as described in paragraph 5 above.

8.  In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to interest at the rate prescribed by the CBA of twelve percent (12%) per annum on any unpaid trust fund contributions.

9.  Under terms of the CBA, Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered by the provisions of the CBA, and said workers performed work and labor undertaken by Defendant during the time the CBA was in full force and effect.

10.  Based on Plaintiff's reports, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions and liquidated

damages as follows:

| | |
|---|---|
| Delinquent trust fund contributions | $1,677.31 |
| Interest (12% per annum) | $348.70 |
| 401(k) Lost Earnings Interest | $216.00 |
| Audit Fee | $80.00 |
| TOTAL | $2,322.01 |

11. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions and liquidated damages up to the time of trial or proof.

12. Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), Defendant further promised that if it became necessary for the Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all of the Trust Funds court, collection costs, and reasonable attorneys' fees.

13. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

14. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work

performed Defendant's employees both before and after February 29, 2012, the date of filing of the Complaint in this action.

15.   As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court.  Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(I).

16.   An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

17.   This Court reviewed the billing records of Plaintiffs' counsel and the declarations attached to Plaintiffs' motion.  Upon said review, this Court finds attorneys' fees and costs in the amount of $1,663.56 to be reasonable, necessarily incurred, and directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant for the recovery of damages

in the amount of Two Thousand, Three Hundred twenty two and 01/100 Dollars ($2,322.01), inclusive of contributions, 12% interest and 401(k) Lost Interest Earnings Interest, and attorneys' fees and costs in the amount of $1,663.56, for a total of $3,985.57, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after February 29, 2012.

DATED: Honolulu, Hawaii, \_\_\_1-7-2013\_\_\_.

_____
JUDGE OF THE ABOVE-ENTITLED COURT